UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA M. KING,

    Plaintiff,

v.                                                                           CASE NO. 14-14330

COMMISSIONER OF                                    DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [21]; ADOPTING THE REPORT AND RECOMMENDATION [18]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16] AND AFFIRMING THE COMMISSIONER'S DECISION**

This matter is before the Court on Plaintiff's objections to the magistrate judge's report and recommendation. (Docket nos. 18, 21, 22.) Having conducted a *de novo* review of the parts of the magistrate judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court denies Plaintiff's objections, adopts the magistrate judge's report and recommendation, denies Plaintiff's motion for summary judgment and grants Defendant Commissioner of Social Security's motion for summary judgment, affirming the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

Plaintiff protectively filed for disability benefits ("DIB") and supplemental security income ("SSI") on January 15 and 9, 2012, respectively. (Transcript 79, 80.) Plaintiff alleged a disability onset date of June 8, 2006. (Tr. 129, 131.) Her claims were denied on May 4, 2012, and she requested a hearing before an ALJ. (Tr. 83, 88, 93-94.) The hearing

was held on May 23, 2013. (Tr. 26.) There was discussion at the hearing of amending Plaintiff's alleged onset date to June 2, 2008, but the ALJ did not grant the request. (Tr. 30, 146.) In a decision dated June 6, 2013, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security act at any time from June 8, 2006, through the date of the decision. (Tr. 13-21.)

On September 13, 2014, the appeals council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-6.) Plaintiff filed with this Court on November 11, 2014. (Dkt. 1.) Plaintiff filed a motion for summary judgment on February 26, 2015. (Dkt. 14.) Defendant filed a motion for summary judgment on April 27, 2015. (Tr. 16.) The magistrate judge entered a report and recommendation on December 3, 2015, recommending denying Plaintiff's motion for summary judgment. (Dkt. no. 18.) Plaintiff filed objections to the report and recommendation on December 22, 2015, and Defendant filed its response to the objections on January 4, 2016. (Dkt. nos. 21, 22.)

The Court has reviewed the pleadings, including the ALJ's decision, the record transcript, the magistrate judge's report and recommendation and the objections and response. The administrative law judge's ("ALJ") findings and the pertinent portions of the administrative record are accurately and adequately set forth in the magistrate judge's report and recommendation as necessary to the analysis, and the Court adopts them here. (Report and Recommendation, dkt. no. 18.) The Court agrees with the magistrate judge.

**I.  Standard of Review**

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject,

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

II.     Analysis

Plaintiff first objects that the ALJ failed to analyze how her obesity was a severe impairment and its resultant effects on her other severe impairments as required under Social Security Rulings (SSR) 96-3p and 02-1p. At the time of the May 23, 2013 administrative law judge hearing, Plaintiff testified that she was approximately 5 feet 5 inches tall and weighed 267 pounds. (Tr. 33.) The magistrate judge correctly considered this issue in the Report and Recommendation and Plaintiff does not raise a new issue here.

As the magistrate judge pointed out, the ALJ found that Plaintiff's obesity was a severe impairment and both explicitly stated that he had considered its affect on her medical problems, citing aspects which were considered, and also properly relied on a consulting physician's opinion which took into account Plaintiff's obesity. (Report and Recommendation, dkt. no. 18 at 8-9; Tr. 15.) *See generally Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. Appx. 435, 443 (6th Cir. 2010) (finding that the ALJ sufficiently accounted for the effect of obesity where he discussed it multiple times in his findings of fact, concluded that it constituted a "severe impairment", acknowledged that it contributed to the plaintiff's other medical conditions and "considered RFCs from physicians who explicitly accounted for" the plaintiff's obesity). The physician on which the ALJ relied, Dr. Choi, had the benefit of reviewing the record as of May 3, 2012, the date of his opinion, and in the "additional explanation" of the physical residual functional capacity opinion he reported Plaintiff's conditions including morbid obesity (BMI-43). (Tr. 66, 76.) The ALJ also considered and cited examining physician Bharti Sachdev's report, in which the doctor reported Plaintiff's weight at 261 pounds, assessed morbid obesity and considered her insulin resistence in association with the obesity. (Tr. 16, 286.)

4

The magistrate judge noted that Plaintiff in her motion for summary judgment did "not cite to any portion of the medical record that the ALJ failed to, but should have, considered in evaluating Plaintiff's obesity," and Plaintiff's objections similarly do not identify specific evidence that has not been considered in this context. (Report and Recommendation, dkt. no. 18 at 8.) The magistrate judge properly analyzed this issue and the ALJ's decision shows that he properly considered Plaintiff's obesity.

In response to Plaintiff's objections related to the ALJ's residual functional capacity (RFC) finding, the Court notes that the ALJ properly relied on vocational expert testimony to support his finding that there were significant numbers of jobs in the national economy which an individual with Plaintiff's residual functional capacity could perform, including the need for "a sit/stand option that allows her to change position every 20 to 30 minutes." (Tr. 18.) Contrary to Plaintiff's objection, this case is not like *Wages v. Sec'y of Health & Human Servs.*, wherein the ALJ relied solely on the Medical-Vocational Rules, App. 2 (the "grid"). *See Wages v. Sec'ty of Health & Human Servs.*, 755 F.2d 495, 499 (6th Cir. 1985) ("reliance on the grid was error"). Here, the ALJ did not simply rely on the grid to determine that Plaintiff has the ability to perform a limited range of sedentary work in the economy and he properly elicited vocational expert testimony as to what jobs were available for an individual with Plaintiff's limitations, including the "sit/stand option that allows her to change position every 20 to 30 minutes." (Tr. 18, 53, 55.) *See* SSR 83-12 ("Another situation where VS [vocational specialist] assistance is advisable is where an individual's exertional RFC does not coincide with the full range of sedentary work." "In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.").

Next, Plaintiff objects that the ALJ did not analyze severe impairments in sufficient detail for the Court to review them. (Dkt. 21, p. 4.) Specifically, Plaintiff takes issue with the role of her obesity, fatigue, and, as the magistrate judge categorized it, her "alleged" shortness of breath, in the ALJ's RFC. The magistrate judge correctly pointed out that the ALJ found that Plaintiff's obesity was a severe impairment and that he cited evidence of her symptoms of fatigue and observations related to her respiratory system. The Court does not find error, nor does Plaintiff provide legal support for her criticism of the magistrate judge's terminology categorizing her shortness of breath as "alleged." The ALJ cited the medical record regarding Plaintiff's reported fatigue, as well as respiratory testing, and observations on exam, which ranged from clear lungs with no wheezing to the presence of wheezing. (Tr. 15-18, 253 (fatigue).) In the context of the RFC, the ALJ noted that results of objective respiratory and cardiac testing did not reveal debilitating pathology, citing for example, pulmonary function testing in April 2012 and a cardiac work-up in April 2013. (Tr. 17, 19, 297-301, 310-17, 356-70.)

The ALJ also considered Plaintiff's allegations regarding her limitations and the credibility of the same. Plaintiff has not cited evidence of shortness of breath which was ignored, and at least one medical record notes that shortness of breath was controlled with use of her nebulizer. (Tr. 360.) With respect to obesity, the ALJ cited the record reports that she was able to ambulate and retained a functional range of motion, yet he also severely limited her required movement within the workplace by including limitations on movements such as balancing, stooping, crouching, crawling, squatting and climbing stairs, precluding the climbing of ladders, ropes or scaffolds. (Tr. 18-19.) He addressed respiratory impairments and related limitations by including environmental restrictions, and limiting

Plaintiff's exertional level to sedentary with a sit/stand option. (Tr. 18-19.)

The ALJ also noted that Plaintiff was diagnosed with an ascending aortic aneurysm, and that the record does not show that this condition compromised her ability to perform work activity beyond those limitations set forth in the RFC. (Tr. 17.) The record shows that even upon being diagnosed with the ascending aortic aneurysm, Plaintiff was counseled to lose weight and exercise, without providing limitations. (Tr. 363.) The ALJ's RFC was supported by substantial evidence and he properly explained the basis for the RFC.

Plaintiff objected to the ALJ's credibility determination because the ALJ included the statement that "no physician imposed a work preclusive limitation on the claimant's functioning, or opined that she was completely disabled." (Pl.'s Objections p. 5, dkt. 21; Tr. 19.) Plaintiff argues that Dr. Glick stated that Plaintiff's breathing difficulties disabled her. (Pl.'s Objections p. 5, dkt. 21.) Plaintiff raised the same issue in her motion for summary judgment and the magistrate judge fully considered it. The statement to which Plaintiff refers appears in the following paragraph, which is part of the "History of Present Illness" portion of Dr. Glick's cardiology consultation report dated April 7, 2013: "She evidently has significant problems with her back and her knees and is trying to be certified for disability. She cannot work because of her shortness of breath." (Tr. 310.) This portion of the report also contains a report of her family member's history, various medical treatment, no reported drug allergies and her history as a cigarette smoker. (Tr. 310.) There is no basis for finding that this statement was the doctor's opinion. The next section of the report is "Physical Exam." (Tr. 311.) The "Impression" and "Plan" portions of the report contain no limitations. Even if this notation were the doctor's opinion, the Commissioner is responsible for determining whether a claimant meets the statutory definition of disability; the ALJ "will

7

not give any special significance to the source of an opinion[, including treating sources], on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section[,]" i.e., whether a person is disabled or unable to work, whether an impairment meets or equals a Listing, residual functional capacity, and application of vocational factors. *See* 20 C.F.R. §§ 404.1527(d)(3); 416.927(d)(3) . To the extent that Plaintiff objects that Dr. Sachdev's examination revealed "truncal obesity" and testing suggested "mild to moderate" obstructive airway disease, this was considered by the ALJ. The ALJ properly explained his credibility determination, relying on required factors under the Regulations, and it was supported by substantial evidence. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

      Finally, Plaintiff objects that because the state agency examining doctor diagnosed probable sleep apnea and recommended testing, the ALJ should have sent Plaintiff for such testing when it had not been performed by the time of the hearing. Dr. Sachdev in his March 14, 2012 report stated: "At this point, I think she needs aggressive measures in lifestyle which would include dietary regimen, a walking program to lose weight, as well as quitting smoking, and a lot of her symptoms may resolve. She will need evaluation for sleep apnea." (Tr. 286.) Earlier in the report the doctor noted that Plaintiff "thinks she may have sleep apnea. Her family tells her she snores and quits breathing but she has not been tested. She states her insurance does not cover the evaluation for sleep apnea and she cannot afford it herself." (Tr. 285.) The magistrate judge considered this argument at least in part in the report and recommendation, and correctly noted that the record did not contain sleep apnea testing nor a resulting diagnosis of sleep apnea. This finding is supported by Dr. Sachdev's reports which noted Plaintiff's self-report of sleep apnea; sleep

apnea was not mentioned again in the report from the following April 20, 2012 examination and pulmonary function testing/spirometry. (Tr. 285.) The case cited by Plaintiff, *Sleight v. Comm'r of Soc. Sec.*, 896 F. Supp. 2d 622, 630-36 (E.D. Mich. 2012), is distinguishable from the case at bar. In *Sleight* the ALJ made a factual error in the decision when he found there was "no documentation of sleep apnea, the need for oxygen on a daily basis, or severe limitations due to asthma or depression"; the record contained evidence of a sleep study, a diagnosis, and the prescribed use of a CPAP machine. *Id.* at 634. The *Sleight* plaintiff also weighed over 400 pounds, and the ALJ found severe impairments of only low back pain, migraine headaches and bipolar disorder, with no evidence that he had considered the effect of obesity on these impairments. The court found that the factual error related to sleep apnea, "taken together" with the failure to consider her obesity under SSR 02-1p, merited remand. *Id.* at 635. This case does not support Plaintiff's argument that the ALJ was obligated to send her for sleep apnea testing. Here, the agency ordered an examination and Plaintiff underwent pulmonary function testing at a second examination. (Tr. 285-87, 297-301.) The Court also notes that Plaintiff has not identified a resultant limitation from sleep apnea that was not already considered by the ALJ.

The ALJ's decision was supported by substantial evidence and the Court does not find error in the magistrate judge's report and recommendation.

### III.    Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Objections (dkt. no. 21), ADOPTS the Magistrate Judge's Report and Recommendation (dkt. no. 18), DENIES Plaintiff's Motion for Summary Judgment (dkt. no. 14), GRANTS Defendant's Motion for

Summary Judgment (dkt. no. 16) and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

    SO ORDERED.

                                                s/Nancy G. Edmunds  
                                                Nancy G. Edmunds  
                                                United States District Judge

Dated:  March 4, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2016, by electronic and/or ordinary mail.

                                                s/Johnetta Curry-Williams  
                                                Case Manager